IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOE SHEPPARD and VERNELL
SHEPPARD, husband and wife                              PLAINTIFFS

v.                          CASE NO. 06-02140

R. SANDERS, M.D.; STEVE B.
NELSON, M.D.; DONALD E.
SHOWS, M.D.; JOHN DOE NO. 1;
JOHN DOE NO. 2; JOHN DOE NO. 3;
JOHN DOE NO. 4; JOHN DOE NO. 5;
JOHN DOE NO. 6; JOHN DOE NO. 7;
JOHN DOE NO. 8; JOHN DOE NO. 9;
JOHN DOE NO. 10; JOHN DOE NO. 11, an
unknown entity; JOHN DOE NO. 12, an
unknown entity; JOHN DOE NO. 13, an
unknown entity; JOHN DOE NO. 14, an
unknown entity; and JOHN DOE NO. 15,
an unknown entity                                       DEFENDANTS

ORDER DENYING MOTIONS TO DISMISS

This case was originally filed in the Eastern District of Oklahoma, but transferred under 28 U.S.C. § 1406(a) to the Western District of Arkansas. Currently before the Court are the following: Separate Defendant Shows' Motion to Dismiss and Supplemental Brief (Docs. 10 & 15); Separate Defendant Sanders' Motion to Dismiss and Supplemental Brief (Docs. 16 & 17); Separate Defendant Nelson's Motion to Dismiss and Supplemental Brief (Docs. 25 & 26); and Plaintiffs' Responses (Docs. 21, 28 & 29). The motions attack the Plaintiffs' Complaint for lack of personal jurisdiction and improper venue. For the reasons that follow, Defendants' motions to dismiss are **DENIED AS MOOT**. Defendants are given until

**October 13th, 2006,** to file responses to Plaintiffs' complaint.

**I. Motion to Dismiss Standard**

In ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996). Complaints should be liberally construed in the plaintiff's favor and "'should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Rucci v. City of Pacific,* 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The party asserting personal jurisdiction has the burden of establishing a prima facie case. *Epps v. Stewart Information Services Corp.*, 327 F.3d 642 (8th Cir. 2003). Plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over the Defendants. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454 (D.C.Cir.1990). The non-moving party must establish that a "substantial connection" exists between the defendant and the forum state. *Porter v. Berall*, 293 F.3d 1073 (8th Cir. 2002)(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462

(1985).

## II.  Factual Summary and Discussion

Plaintiffs filed this action against the Defendants on January 4, 2006, in the Eastern District of Oklahoma. Plaintiffs allege that Plaintiff Joe Sheppard underwent a cardiac catheterization and evaluation performed by Separate Defendant Donald E. Shows, M.D., at St. Edwards Mercy Medical Center in Fort Smith, Arkansas.  Following catheterization, Plaintiff Joe Sheppard developed a staph infection and was forced to undergo additional medical procedures as a result of the negligence of Separate Defendant Shows.  During one of the medical procedures, Separate Defendants R. Sanders, M.D., and Steve B. Nelson, M.D., failed to diagnose the staph infection and instead released Joe Sheppard and prescribed a round of steroidal medications, which furthered his injuries. Plaintiffs allege that the Defendants were negligent in their failure to appropriately treat Joe Sheppard.

Finally, Plaintiffs allege that Defendants discriminated against Plaintiff Joe Sheppard and violated his civil rights because he was a Medicare patient.  Allegedly, the actions by the Defendants caused monetary and physical damages to both Plaintiffs, and as a result they are entitled to actual and punitive damages.

In the motions to dismiss, Defendants contend that the

Eastern District of Oklahoma does not have personal jurisdiction over them and that venue is improper. Each of the three named Defendants filed separate motions and supporting briefs[1].

When a case is filed where venue is in the wrong district, the district court may either dismiss the case, or transfer it to the district in which it could have been brought, if it is found to be in the interest of justice. 28 U.S.C. § 1406(a). The case was transferred to this court under § 1406(a) which indicates that personal jurisdiction was lacking as the case was filed in the wrong venue.

The state law which applies in a diversity case that transferred between federal courts is determined by the nature of the transfer, and if under § 1406(a) "we apply the law of the transferee forum." *Pony Computer Inc., v. Equus Computer Systems of Missouri, Inc.*, 162 F.3d 991 (8th Cir. 1998). When a case is transferred under § 1406(a), the transferee court applies its own law and choice-of-law rules since the transferor lacks personal jurisdiction. *Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, (10th Cir. 2001). If the law of the transferor court were applied, "a plaintiff could

---

[1] The Court notes that Separate Defendant Shows initially stated an additional argument; that Plaintiffs failed to provide the proper accompanying documents under either Oklahoma or Arkansas law to file a claim of medical malpractice (Doc. 11). However, Defendant Shows withdrew that portion of his motion (Doc. 16).

deliberately file in a jurisdiction with favorable law but clearly improper venue and benefit from its choice." *Id*. Accordingly, the laws of the State of Arkansas apply to this action. Defendants filed their motions to dismiss attacking personal jurisdiction under Oklahoma law, and those motions are now moot. The challenge to sufficiency of process raised by Separate Defendant Nelson is also dismissed in this ruling for the reasons stated above.

### III. Conclusion

Based on the foregoing, the Court **DENIES AS MOOT** the pending motions to dismiss. Pursuant to Rule 12, Defendants are given until **October 13th, 2006** to file responses.

IT IS SO ORDERED this 28th day of September, 2006.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge